**[J-46-2022] [MO: Wecht, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | | |
|---|---|---|
| COUNTY OF FULTON, FULTON COUNTY BOARD OF ELECTIONS, STUART L. ULSH, IN HIS OFFICIAL CAPACITY AS COUNTY COMMISSIONER OF FULTON COUNTY AND IN HIS CAPACITY AS A RESIDENT, TAXPAYER AND ELECTOR IN FULTON COUNTY, AND RANDY H. BUNCH, IN HIS OFFICIAL CAPACITY AS COUNTY COMMISSIONER OF FULTON COUNTY AND IN HIS CAPACITY AS A RESIDENT, TAXPAYER AND ELECTOR OF FULTON COUNTY, | : : : : : : : : : : : : : | No. 3 MAP 2022<br><br>Appeal from the Order of the Commonwealth Court at No. 277 MD 2021 dated January 14, 2022.<br><br>SUBMITTED: October 21, 2022 |
| Appellees | : : : | |
| v. | : : : : | |
| SECRETARY OF THE COMMONWEALTH, | : : : | |
| Appellant | : | |

**CONCURRING OPINION**

**JUSTICE DOUGHERTY**                                    **DECIDED: April 19, 2023**

I join the majority's excellent opinion without hesitation. After all, it is difficult to recall a more brazen abuse of the judicial process during my more than two decades on the bench, nearly fifteen years of which I served on the front lines as a trial judge. I write only to amplify the majority's message, the importance of which is unparalleled. And that message is this: No one — not elected county officials, not Pennsylvania attorneys, and certainly not out-of-state attorneys who aren't authorized to practice here — may ignore, circumvent, or frustrate the orders issued by the courts of this Commonwealth, least of all

this Court. For those who believe otherwise or think the rules don't apply when an election is involved, let this case serve to prove just how wrong you are. In fact, let it be known far and wide that this Court can — and will — exercise the full might of its constitutional authority against those who seek to delegitimize this Commonwealth's elections, or its judiciary.[1]

---

[1] In this case replete with troubling conduct by the individual appellees and their counsel, the actions of Attorney Carroll appear to be especially concerning and problematic, and my careful independent review of the record reveals the majority's description is amply supported. Like the majority, however, I will restrain myself from commenting further, in recognition of the fact that there is to be additional disciplinary review of Attorney Carroll's conduct. *See* Majority Opinion at 75 (referring Attorney Carroll to the Pennsylvania Disciplinary Board "for further examination of his conduct throughout the litigation of the appeal of our stay order and throughout these sanction proceedings"). But I expect the Disciplinary Board to look at the record just as closely as we have, and I would specifically recommend the Board examine for their veracity some of the attestations Attorney Carroll made to this Court in his continuance requests.